IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

ALEXANDER CUADROS-GARCIA,

       Petitioner,

v.                                   Case No. 1:19-cv-00024

WARDEN, FCI McDowell,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

**BACKGROUND AND PETITIONER'S CLAIM**

**A.    Petitioner's conviction and direct appeal.**

On March 29, 2013, Petitioner plead guilty, pursuant to a written plea agreement, in the United States District Court for the Eastern District of Virginia to one count of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d).   *United States v. Cuadros-Garcia*, No. 4:12-cr-00039-1 (E.D. Va.), ECF No. 209.   Petitioner's plea agreement included an appellate waiver, so long as his sentence was within the statutory maximum of 240 months.   *Id.* at 4, ¶ 6.   On December 18, 2013, Petitioner was sentenced to the

statutory maximum of 240 months in prison, followed by a five-year term of supervised release.[1]

According to his petition, his advisory guideline sentence was based in part on the application of nine criminal history points under USSG § 4A1.1, resulting in a Criminal History Category of IV.   Although Petitioner objected on various bases to the calculation of his offense level and certain enhancements thereto, he did not object to or challenge his criminal history calculation at sentencing.   His judgment was entered on December 19, 2013.   *Id.*, ECF No. 392.   Petitioner did not appeal his conviction and sentence. However, on May 10, 2017, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 asserting claims of ineffective assistance of counsel and challenging the government's failure to follow-up on his agreement to cooperate and then file a Rule 35 motion.   *Id.*, ECF No. 510.   That motion was denied on August 14, 2017. *Id.*, ECF No. 525, 526.

### B.    The instant § 2241 petition.

On January 7, 2019, Petitioner filed the instant § 2241 petition in this court challenging his criminal history points calculation under the Supreme Court's decisions in *Descamps v. United States,* 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).   Specifically, Petitioner contends that seven of his nine criminal history points stemmed from a prior 2008 Georgia conviction for conspiracy to commit robbery.   (ECF

---

1   Under the United States Sentencing Guidelines ("USSG"), Petitioner's total offense level was determined to be a level 38, with a criminal history category of IV, resulting in an advisory guideline sentencing range of 324-405 months in prison.   *United States v. Cuardros-Garcia*, 4:12-cr-00039-1, ECF No. 443 at 32. However, Petitioner was sentenced to the statutory maximum sentence of 240 months.   *Id.* at 32, 65.

No. 1 at 1).[2]   Petitioner contends that this prior conviction does not qualify as a "violent felony" (or "crime of violence," which is the term used in the relevant guideline) and, therefore, he claims that he should have received only two criminal history points for his prior conviction; however, he fails to identify the Georgia statute under which he was convicted or in any way explain how his prior conviction does not qualify for the criminal history treatment it received.   (*Id.* at 2-3).   Thus, Petitioner seeks resentencing without the seven criminal history points and attempts to use the savings clause contained in 28 U.S.C. § 2255(e) to raise his claim for relief in a petition brought under 28 U.S.C. § 2241. (*Id.* at 1, 3).

## ANALYSIS

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in his sentencing court which, in this case, is the United States District Court for the Eastern District of Virginia.   Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the

---

2   Petitioner's Presentence Investigation Report ("PSR") is filed under seal in his court of conviction; thus, the undersigned has been unable to verify the calculation of his criminal history points and the underlying convictions used in such calculation.   Nevertheless, because Petitioner cannot satisfy the criteria to have his substantive claim reviewed by this court under § 2241, the undersigned believes it is unnecessary to seek access to the PSR or to order a response from Respondent.

petitioner's detention.    *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255

proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner

may seek a writ of habeas corpus pursuant to § 2241.").   *In re Jones* relies upon the

statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court has denied
> him relief, unless it also appears that the remedy by motion is inadequate
> or ineffective to test the legality of his detention.

This section is known as the "savings clause."   The fact that relief under § 2255 is

procedurally barred does not render such remedy inadequate or ineffective to test the

legality of the petitioner's detention.   *Id.* at 332.   Thus, the fact that Petitioner

previously filed an unsuccessful § 2255 motion in his sentencing court, standing alone,

will not permit review under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court

must first determine whether the remedy under § 2255 is inadequate or ineffective to test

the legality of Petitioner's detention in order that he may pursue such relief under § 2241.

Recently, the United States Court of Appeals for the Fourth Circuit modified its test to

determine whether the remedy under § 2255 is inadequate or ineffective with respect to

sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court
> established the legality of the sentence; (2) subsequent to the prisoner's
> direct appeal and first § 2255 motion, the aforementioned settled
> substantive law changed and was deemed to apply retroactively on collateral
> review; (3) the prisoner is unable to meet the gatekeeping provisions of §
> 2255(h)(2) for second or successive motions; and (4) due to this retroactive
> change, the sentence now presents an error sufficiently grave to be deemed
> a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).   In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing that controls the substantive determinations. Here, Petitioner was convicted within the Fourth Circuit; thus, Fourth Circuit substantive and procedural law controls.   *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")   As further addressed below, Petitioner cannot meet the *Wheeler* criteria for several reasons.

Petitioner suggests that the decisions in *Descamps* and *Mathis*[3] represent a change in substantive law and that § 2255 is inadequate or ineffective to test the legality of his detention thereunder and, thus, he should be able to use the savings clause to bring his sentencing challenge under § 2241.   Additionally, Petitioner relies upon *Hinkle*, a direct appeal in which the Fifth Circuit, relying on *Mathis*, concluded that a prior Texas controlled substance offense was broader than the definition of a controlled substance offense contained in the career offender guideline and, thus, vacated the sentence and remanded for resentencing without the career offender enhancement.   However, this court can quickly dispose of Petitioner's conclusory reliance upon *Hinkle*, because it is not a decision of the Supreme Court or the Fourth Circuit and, thus, is not determinative with respect to the Fourth Circuit's savings clause analysis.

---

3   In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Supreme Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law.

Nonetheless, based upon *Descamps* and *Mathis*, Petitioner contends that the Georgia statute under which he was previously convicted is "divisible" and contains elements that are broader than the "crime of violence" definition applicable to the criminal history guideline.   *See* USSG §§ 4A1.1, 4A1.2(p), and 4B1.2(a).   However, even presuming that a determination of whether this robbery conspiracy offense is a crime of violence is relevant to Petitioner's sentence calculation,[4] Petitioner cannot meet the savings clause criteria to have the merits of his claim addressed by this court.

Neither the Supreme Court nor the Fourth Circuit have declared *Descamps* or *Mathis* to be new substantive rules of law that are retroactively applicable on collateral review.   The Fourth Circuit has specifically found that

> *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements.

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); s*ee also Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D.W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because *Mathis* does not apply retroactively).

Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review."   *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding § 2241

---

4  The statutory maximum of 240 months to which Petitioner was sentenced was still lower than the advisory guideline range calculated using the revised criminal history calculation he now requests.   Thus, his advisory guideline calculation was not determinative of his ultimate sentence.

petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review). In fact, in *United States v. Hemingway*, 734 F.3d 323, 329 (4th Cir. 2013), the Court recognized that *Descamps* "underscored the validity of the divisibility analysis that our Court had already employed." *See also Kane v. United States*, No. 1:19-cv-238-MR, 2020 WL 1848062, *3 (W.D.N.C. Apr. 13, 2020) (dismissing § 2241 petition based upon *Descamps* and *Mathis* finding that such decisions do not represent a substantive change in law). Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test based upon these decisions.

Moreover, because Petitioner was sentenced under advisory guidelines, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing relief under the savings clause is unavailable to him. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018) (holding that erroneous application of a post-*Booker* advisory guideline provision is not a fundamental defect or miscarriage of justice). Thus, Petitioner cannot satisfy the fourth *Wheeler* prong. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria for review of his claims under the savings clause.

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his section 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

October 8, 2021

Dwane L. Tinsley
United States Magistrate Judge